HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS H. ROUGH,

    Plaintiff,

v.

CHASE BANK, et al.,

    Defendant.

Case No. 2:18-cv-01555-RAJ

**ORDER GRANTING BARCLAYS BANK DELAWARE'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Defendant Barclays Bank Delaware's ("Barclays") motion to dismiss. Dkt. # 41. For the reasons stated below, the Court **GRANTS** Defendant's motion.

## II. BACKGROUND

Plaintiff alleges that he was offered employment by Defendant MC Medical AG in September 2017. Dkt. # 1 at 9. He claims the company told him that if he passed a series of training tests, a permanent job offer would follow on November 1, 2017. *Id.* The alleged agreement between Plaintiff and MC Medical AG would pay him $2,500 for the training and did not prevent him from working elsewhere during the training period. *Id.*

On October 11, 2017, Plaintiff claims MC Medical AG asked him to purchase equipment and agreed to transfer money to his Chase credit card to cover the transaction. *Id.* Plaintiff states that he was unfamiliar with this type of transfer and called Chase. *Id.* He claims to have asked Chase whether the transfer to his account could be reversed. *Id.*

ORDER – 1

Plaintiff alleges that Chase told him the transfer could not be reversed after 24 hours without a court order. *Id.*

Plaintiff alleges that he received a Chase account number from MC Medical AG and executed the money transfer to his Chase credit card. *Id.* After waiting 24 hours, Plaintiff alleges that he purchased the equipment on his credit card. *Id.* Plaintiff claims he was then approached by another company, Defendant ALN. *Id.* at 10. He alleges that ALN asked him to execute a transaction for equipment like the one he completed with MC Medical AG. *Id.* Based on his experience with the Chase transfer, Plaintiff alleges he essentially conducted the same transaction with ALN—this time he received a Wells Fargo account number, transferred money to his Barclaycard, and purchased equipment for ALN. *Id.*

Plaintiff claims that after three weeks, the money transfers to both his Chase credit card and his Barclaycard were reversed. *Id.* Plaintiff states that he is a victim of fraud. *Id.* He brings this action claiming, in part, that defendant banks are complicit in financial fraud schemes by not taking affirmative actions to stop it. *Id.* at 11. Specifically, he claims the fraud here would not have been possible without advice from Chase and could have been stopped with simple authentication measures. *Id.* He seeks in damages the cost of the fraud, the cost to investigate, the interest charged by the banks, and future lost wages. *Id.*

### III. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids

ORDER – 2

dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Untimeliness

Curiously, Barclays fails to address why it submits this motion to dismiss almost six month after being served with the summons and complaint. Nevertheless, despite Barclays's blatant failure to follow federal procedure, the Court finds that resolving the instant motion to dismiss on the merits is the appropriate course of action. Resolution on the merits, including consideration of the untimely motion to dismiss, is more likely to "secure the just, speedy, and inexpensive determination" of this case and therefore advance the goals of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that the purpose of pleading rulings is "to facilitate decision on the merits, rather than on the pleadings or technicalities").

### B. Motion to dismiss

To overcome a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff need only allege facts that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568. Plaintiff sued defendant banks for violations of RICO, the Fair Credit Billing Act, and the Truth in Lending Act, Electronic Fund Transfers Act ("EFTA"), and common law fraud. *See* Dkt. # 18. The Court finds that Plaintiff's Complaint fails to comply with Rule 9(b) and otherwise does not state an actionable claim against Barclays.

The crux of Plaintiff's Complaint is grounded in allegations of fraud. *See Hart v.*

ORDER – 3

*McLucas*, 535 F.2d 516, 519 (9th Cir. 1976) (The elements of fraud consist of false representation in reference to a material fact made with knowledge of its falsity and with the intent to deceive with action taken in reliance upon the representation). The Complaint explains that the banks are "knowingly complicit in a fraud scheme" and "effectively associating with those perpetuating fraud by knowing about it for years, obtaining extra profits from it, providing incorrect phone advise refusing to take simple actions to stop it." Dkt. # 1 at 11, 14. The Ninth Circuit has consistently held that cases "grounded in fraud" or that "sound in fraud" must satisfy the particularity requirement of Rule 9(b). *See Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Rule 9(b) demands that the circumstances constituting the alleged fraud be detailed with enough specificity to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny it. *Id.* Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).

Plaintiff's Complaint fails to state, for example, the particulars of the alleged fraudulent scheme, how the banks have knowingly been complicit in it, and facts supporting Plaintiff's charge that the banks knowingly gave false information in furtherance of any alleged scheme against him. *See Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Specifically to Barclays, the Complaint fails to allege statements made by Barclays that Plaintiff relied upon, or that Barclays otherwise knew a fraud was being perpetrated by Plaintiff's alleged employers. The Complaint also fails to show how any of the allegations amount to violations of the statutes under which the action is brought. "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess*, 317 F.3d at 1107. Accordingly, the Court will **GRANT**

ORDER – 4

Barclays's motion to dismiss without prejudice.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Barclays's motion to dismiss without prejudice. Dkt. # 41.

DATED this 15th day of May, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5