HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS H. ROUGH,

    Plaintiff,

v.

CHASE BANK, et al.,

    Defendant.

Case No. 2:18-cv-01555-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on motions to dismiss by Defendants Chase Bank, N.A. ("Chase") and Barclayscard. Dkt. ## 48, 52. For the reasons stated below, the Court **GRANTS** both motions. Additionally, the Court **GRANTS** Chase's pending motion to strike and **DENIES** as moot Chase's motion to quash. Dkt. ## 55, 60.

## II. BACKGROUND

After the Court granted Defendants' motions to dismiss, Plaintiff filed his Second Amended Complaint ("SAC") on June 3, 2019. *See* Dkt. ## 40, 45, 46, 47. Plaintiff alleges that he was offered employment by Defendant MC Medical AG in September 2017. Dkt. # 47 at 1. He claims that the company told him a permanent job offer would follow on November 1, 2017 if he passed a series of training tests. *Id.* The alleged agreement between Plaintiff and MC Medical AG would pay him $2,500 for training and did not prevent him from working elsewhere during the training period. *Id.* at 1-2.

On October 11, 2017, Plaintiff claims that MC Medical AG asked him to purchase

ORDER – 1

equipment and agreed to transfer money to his Chase credit card to cover the transactions. *Id.* at 2. Plaintiff states that he was unfamiliar with this type of transfer and called Chase. *Id.* He claims to have asked Chase whether the transfer to his account could be reversed. *Id.* at 3-4. Plaintiff alleges that Chase told him the transfer could not be reversed after 24 hours without a court order. *Id.* at 4. During the call, Plaintiff alleges the Chase representative made no mention of the possibility of suspicious activity with this type of transfer or that Plaintiff had to be the "owner" of the transferring account. *Id*. Plaintiff alleges that he received a Chase account number from MC Medical AG and executed the money transfer to his Chase credit card. *Id.* After waiting 24 hours, Plaintiff alleges that he made multiple purchases for MC Medical AG on his credit card. *Id.*

On October 16, 2017, Plaintiff claims that he was approached by another company, Defendant ALN. *Id.* at 9. He alleges that ALN asked him to execute a transaction for equipment like the one he completed with MC Medical AG. *Id.* at 10. Based on his experience with the Chase transfer, Plaintiff alleges he essentially conducted the same transaction with ALN—this time he received a Wells Fargo account number, transferred money to his Barclaycard, and purchased equipment for ALN. *Id.* at 10-12.

Plaintiff claims that after three weeks, the money transfers to both his Chase credit card and his Barclaycard were reversed. *Id.* at 11-16. Plaintiff states that he is a victim of fraud. *Id.* at 22. He brings this action claiming, in part, that Defendants Chase and Barclayscard are complicit in financial fraud schemes by not taking affirmative actions to stop it. *Id.* at 11. Specifically, he claims the fraud here would not have been possible without advice from Chase and could have been stopped with simple authentication measures. *Id.* at 22. He seeks in damages the cost of the fraud, the cost to investigate, the interest charged by the banks, and future lost wages. *Id.*

Chase and Barclayscard filed motions to dismiss the SAC, which is now before the

ORDER – 2

Court.[1] Dkt. ## 48, 52.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

To overcome a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff need only allege facts that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568. Although not completely clear from the Complaint, Plaintiff appears to be suing the defendant banks for violations of RICO, the Truth in Lending Act (TILA), Regulation Z,

---

[1] Chase also moves to strike certain allegations in Plaintiff's response that assert the parties are "close to settlement" and ask the Court to defer ruling until October. Dkt. # 59 at 1-2. Courts have inherent power to strike references to settlement negotiations from pleadings. *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010); *see also Roadway Express, Inc. v. Piper*, 447 U.S, 752, 764 (1980) ("The inherent powers of federal courts are those which are necessary to the exercise of all others."). The Court **GRANTS** Chase's motion. Dkt. # 60.

ORDER – 3

and the Bank Secrecy Act. *See* Dkt. # 47. Even considering these clarifications, the Court finds that Plaintiff's Complaint fails to comply with Rule 9(b) and does not state an actionable claim against Defendants Chase and Barclayscard.

The Court notes that the SAC essentially repeats the same allegations as Plaintiff's previous complaints. *See* Dkt. ## 1, 36, 47. And as the Court previously stated, the crux of Plaintiff's Complaint is grounded in allegations of fraud. *See Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976) (The elements of fraud consist of false representation in reference to a material fact made with knowledge of its falsity and with the intent to deceive with action taken in reliance upon the representation). The Ninth Circuit has consistently held that cases "grounded in fraud" or that "sound in fraud" must satisfy the particularity requirement of Rule 9(b). *See Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Rule 9(b) demands that the circumstances constituting the alleged fraud be detailed with enough specificity to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny it. *Id.* Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).

Plaintiff's Complaint still fails to state facts supporting Plaintiff's charge that the banks knowingly gave false information in furtherance of any alleged scheme against him. *See Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Instead, Plaintiff only claims that Chase informed him that money could not be transferred out of his account after 24 hours without a court order. Dkt. # 47. Even assuming the truth of this allegation, the Complaint is devoid of facts showing Chase's involvement in any fraud scheme targeting Plaintiff or that any false statement was made with the intent to deceive him. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (explaining fraud claims may not be based on mere speculation); *Hart*, 535 F.2d at 519 (defining fraud as requiring the intent to deceive with action taken in reliance upon

ORDER – 4

that false representation). Although Plaintiff claims that Chase should have known that "thousands of people were sending packages to the same address I sent [packages] to," he fails to show that Chase had any knowledge of this particular address or any connection to the scheme by MC Medical AG or ALN to deceive Plaintiff. As for Barclays, Plaintiff fails to allege that Barclays communicated with him at all concerning these transactions, let alone misled him to use his Barclays card for that purpose. "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Vess*, 317 F.3d at 1107.

The Complaint also fails to show how these allegations amount to violations of the other statutes under which the action is brought. For example, Plaintiff does not allege what required disclosures Barclays or Chase supposedly failed to provide him that would serve as a predicate for a TILA claim or violation of Regulation Z. *Alexander v. Wells Fargo Bank, N.A.*, 2015 WL 512922 (W.D. Wash. Sep. 1, 2015) (explaining that Regulation Z pertains solely to "disclosures of mortgage transfers"); *Olivera v. Am. Home Mortgage Serv., Inc.*, 689 F.Supp.2d 1218, 1223 (N.D. Cal. 2010) (dismissing TILA claim where plaintiff failed to identify particular loan documentation that purportedly lacked required disclosures). Plaintiff also fails to state a claim under RICO given his inability to meet the Rule 9(b) standard. *See, e.g.*, *Alexander*, 2015 WL 512922 at *6 (dismissing RICO claim for failing to satisfy Rule 9(b) standard); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 31862 (W.D. Wash. Jan. 3, 2011). Finally, the Bank Secrecy Act does not create a private right of action. *New World Mortgage v. TD Bank*, 2011 WL 13225032, at *1 (C.D. Cal. Aug. 3, 2011); *see also Armstrong v. American Pallet Leasing Inc.*, 678 F. Supp. 2d 827, 874-75 (N.D. Iowa 2009) (listing district court cases that have held the same).

In the last order dismissing Plaintiff's complaint, the Court stated that if Plaintiff filed an amended complaint that did not state a cognizable claim for relief, it would be

ORDER – 5

dismissed with prejudice. Dkt. # 46; *see Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) ("futility of amendment" justifies denial of leave to amend). Given the deficiencies with the SAC as outlined in this Order, the Court dismisses the Complaint against Chase and Barclayscard with prejudice.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants Chase and Barclaycard's motions to dismiss with prejudice. Dkt. # 48, 52. The Court also **GRANTS** Chase's motion to strike and **DENIES** as moot Chase's motion to quash. Dkt. ## 55, 60.

DATED this 27th day of September, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6